| UNITED STATES BANKRUPTCY COURT |
| --- |
| DISTRICT OF NEW JERSEY |

Caption in Compliance with D.N.J. LBR 9004-1(b)
William E. Miller, Esquire
Counsel for Movant
wmiller@sterneisenberg.com
Stern & Eisenberg, PC
1040 N. Kings Highway, Suite 407
Cherry Hill, NJ 08034
Telephone: (609) 397-9200
Facsimile: (856) 667-1456

Order Filed on March 9, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

Wanda K. Lee-Jackson,

Debtor

Case No.: 19-30531-JNP

Chapter: 13

Hearing Date: 02/18/20 at 10:00 AM

### ORDER RESOLVING THE OBJECTION TO MOTION TO PARTICIPATE IN THE LOSS MITIGATION PROGRAM

The relief set forth on the following page is hereby **ORDERED**.

**DATED: March 9, 2020**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

(page 2)
Debtors: Wanda K. Lee-Jackson
Case Number: 19-30531-JNP
Caption of Order: ORDER RESOLVING THE OBJECTION TO MOTION TO PARTICIPATE IN THE LOSS MITIGATION PROGRAM

---

Upon the Objection of Quicken Loans Inc. ("Creditor") to Debtor's Motion to Participate in the Loss Mitigation Program (the "Motion"), and for cause shown, it is hereby ORDERED and DECREED as follows:

1. Debtor and Creditor shall participate in the Loss Mitigation Program ("LMP").

2. As set forth in Debtor's proposed Chapter 13 Plan as well as in the Motion, Debtor shall make adequate protection payments in the amount of $1,700.00 per month during the pendency of the LMP.

3. The referenced adequate protection payments shall be due on or before the 1st day of each month.

4. A failure by Debtor to make an adequate protection payment on or before its due date as set forth in paragraph 3 above shall constitute a default under this Order. Creditor may certify this default to the Court, at which time the parties agree that the LMP shall immediately terminate.

5. Debtor and Creditor shall utilize the Loss Mitigation Portal (DMM Portal) during the LMP.

6. Debtor shall open a DMM Portal and submit to Creditor a full and complete loan modification application, including any and all required supporting documentation, no later than March 1, 2020.

7. Creditor, via Counsel, transmitted Creditor's loan modification application to Debtor, via Counsel, on February 18, 2020.

8. The LMP shall expire ninety (90) days after entry of this Order, regardless of whether the Debtor has obtained a trial or final loan modification prior to the expiration of the LMP.

9. A failure by Debtor to submit to Creditor a full and complete loan modification application as contemplated in paragraph 6 above shall constitute a default under this Order. Creditor may certify this default to the Court, at which time the parties agree that the LMP shall immediately terminate.

10. If Creditor determines that Debtor is eligible for a trial loan modification, or a similar outcome, Debtor must ensure Creditor receives each required payment on or before the date the payment is due.

11. A failure by Debtor to provide such required payment when due shall constitute a default under this Order. Creditor may certify this default to the Court, at which time the parties agree that the LMP shall immediately terminate.

12. In the event Debtor is offered a permanent and/or final loan modification agreement, Debtor is responsible for obtaining Court approval of any such agreement.

13. If Debtor is denied for a loan modification and/or other similar offer of resolution, and/or rejects or fails to accept a trial modification offer or final or permanent modification offer, this shall constitute a default under this Order. Creditor may certify this default to the Court, at which time the parties agree that the LMP shall immediately terminate.

14. If for any reason the LMP is terminated or otherwise expires, Creditor shall provide to Debtor and Debtor's Counsel a complete post-petition payment history for the purpose of allowing Debtor and Debtor's Counsel to review any post-petition delinquency. Within thirty (30) days of receipt of the post-petition payment history, Debtor shall:

    a. cure the post-petition delinquency; and,

    b. file an Amended Plan providing for all pre-petition arrears as indicated in the Creditor's filed Proof of Claim as well as maintenance of required ongoing contractual monthly mortgage payments; or,

    c. convert to a Chapter 7; and/or,

    d. surrender the real property located at 1006 Scarborough Dr., Egg Harbor Township, NJ 08234 to Creditor.

15. All payments due to Creditor from Debtor are to be made directly to Creditor at the payment address set forth in Claim 4-1, making sure that the loan number appears on all payments.

16. The failure by Creditor, at any time, to file a Certification of Default upon default by Debtor shall not be construed as a waiver of any of Creditor's rights hereunder.

17. Facsimile signatures shall be as valid as original signatures and this Consent Order/Stipulation may be signed in counterparts.

Steven A Silnutzer, Esq.
Steven A Silnutzer, P.C
Counsel for Debtor

/s/William E. Miller, Esq.
William E. Miller, Esq.
STERN & EISENBERG, P.C.
Counsel for Creditor

EXHIBIT A

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY |  |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b) William E. Miller, Esquire Counsel for Movant wmiller@sterneisenberg.com Stern & Eisenberg, PC 1040 N. Kings Highway, Suite 407 Cherry Hill, NJ 08034 Telephone: (609) 397-9200 Facsimile: (856) 667-1456 |  |
| In Re: Wanda K. Lee-Jackson, Debtor | Case No.: 19-30531-JNP Chapter: 13 Hearing Date: 02/18/20 at 10:00 AM |

## ORDER TERMINATING THE LOSS MITIGATION PERIOD FOLLOWING CERTIFICATION OF DEFAULT

Upon Certification of Default filed by Quicken Loans Inc., such Certification having been filed in accordance with the Order Resolving the Objection to Motion to Participate in the Loss Mitigation Program, it is hereby ORDERED AND DECREED that the Loss Mitigation Period is TERMINATED.